IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY HOWARD SILVERS, § <br> ID # 2307807, § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR, TDCJ-CID, § <br> Respondent. § | | No. 3:23-CV-1320-N-BW <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on July 5, 2023. (Dkt. No. 6.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition with prejudice as barred by the statute of limitations.

### I. BACKGROUND

Danny Howard Silvers, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a 2020 conviction and 35-year sentence in Dallas County, Texas. (*See* Dkt. No. 6 at 2.)[2] The respondent is the Director of TDCJ-CID ("State"). (*See id.*)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 24.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On January 30, 2020, a jury convicted Silvers of one count of first-degree murder in Case No. F-1714132-H in the Criminal District Court No. 1 of Dallas County, Texas. (*See* Dkt. No. 19-16 at 14-24.) That court sentenced him to 35 years of imprisonment in the TDCJ-CID. (*See id.* at 24-26.) On direct appeal, the Texas Fifth District Court of Appeals affirmed the judgment. *See Silvers v. State*, No. 05-20-00182-CR, 2021 WL 790890 (Tex. App.—Dallas Mar. 2, 2021, no pet.). Silvers did not file a petition for discretionary review in the Texas Court of Criminal Appeals ("TCCA").

Silvers's state habeas application, dated March 30, 2022, was received by the state trial court on May 20, 2022. (*See* Dkt. No. 19-16 at 50-69.) The TCCA denied the state habeas application without written order on August 3, 2022. (*See* Dkt. No. 19-15); *Ex parte Silvers*, No. WR-93,923-01 (Tex. Crim. App. Aug. 3, 2022). Silvers subsequently filed two state petitions for a writ of mandamus relating to requests for a free copy of his trial transcripts from the state trial court; the TCCA denied those petitions on January 9, 2023 and March 16, 2023, respectively. *See In re Silvers*, No. 05-22-01371-CV (Tex. Crim. App. Jan. 9, 2023); *In re Silvers*, No. 05-23-00102-CV (Tex. Crim. App. Mar. 16, 2023).

Silvers now challenges his sentence and conviction under § 2254 based on several grounds of alleged ineffective assistance of state trial and appellate counsel. (*See* Dkt. No. 6 at 6-7.) The State filed a response on October 10, 2023, arguing that

2

the petition is barred by the applicable statute of limitations and is without merit. (*See* Dkt. No. 17.)  Silvers did not file a reply.[3]

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal petitions for habeas corpus filed after its effective date of April 24, 1996.  *See* AEDPA, Pub. L. 104–132, 110 Stat. 1217-1221; *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Over 18 months after his reply was due, Silvers filed a document titled, Writ of Mandamus: All Writs Act: 28 U.S.C. 1651, in which he lists various cases, legal doctrines, and constitutional and statutory provisions relating to jurisdiction.  (*See* Dkt. No. 27.)  To the extent the filing appears to question the Court's jurisdiction, this Court has jurisdiction over Silvers's petition pursuant to 28 U.S.C. § 2254.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Silvers's conviction became final on April 1, 2021, when the 30-day period for seeking further review after his conviction was affirmed on direct appeal expired. *See* Tex. R. App. P. 4.1(a), 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Silvers does not allege that state action prevented him from filing a § 2254 petition earlier, and he does not allege any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Silvers's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, April 1, 2021. Silvers filed this federal habeas action over two years later. (*See* Dkt. Nos. 3, 6.) His amended § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

### A. Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

4

or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

By the time Silvers filed his state habeas application on March 30, 2022, 363 days had elapsed since his conviction became final on April 1, 2021, leaving him two days to file his federal habeas petition.[4] The TCCA denied the application on August 3, 2022. (*See* Dkt. No. 19-15); *Ex parte Silvers*, No. WR-93,923-01. The limitations period was therefore tolled from March 30, 2022, through August 3, 2022, and it began to run again on August 4, 2022. The limitations period ran for the remaining 2 days and expired on Saturday, August 6, 2022, so he would have had until the next business day, Monday, August 8, 2022, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C). Silvers did not file this § 2254 action until approximately 10 months later. (*See* Dkt. Nos. 3, 6.) Accordingly, statutory tolling does not save his § 2254 petition.[5]

---

[4] As the Court noted, Silvers's state habeas application was not received by the state trial court until May 20, 2022. (*See* Dkt. No. 19-16 at 50.) Under the prison mailbox rule, however, "pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Silvers did not state when he delivered his state habeas application to prison authorities, but because he signed and dated the application on March 30, 2022, the Court assumes for purposes of this action—and in Silvers's favor—that his state habeas application was filed on this earlier date. *See Ford v. Davis*, 910 F.3d 232, 236 n.7 (5th Cir. 2018).

[5] Silvers's state petitions for a writ of mandamus did not statutorily toll the limitations period because they do not constitute post-conviction or other collateral reviews for purposes of tolling limitations under § 2244(d)(2). *See Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *2 (N.D. Tex. Dec. 10, 2015) (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)), *rec. adopted*, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016).

## B. Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 2000) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "'applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, the only bases for tolling limitations raised by Silvers are for the periods during which his appeal and state habeas proceedings were pending and "to correct deficiency in pleading," which the Court understands to refer to the deficiency of his

6

unsigned original § 2254 petition filed in this action. (Dkt. No. 6 at 9; *see also* Dkt. Nos. 3, 5.) As the Court has explained, Silvers's limitations period did not start running until 30 days after the state court judgment was affirmed on direct appeal, and the limitations period was tolled for the period during which his state habeas application was pending. Regarding the period between the filing of his deficient original § 2254 petition and the amended petition, the limitations period had expired months earlier, and Silvers makes no argument or showing for equitably tolling the periods during which his limitations period was running. The Court accordingly finds that Silvers has not met his burden to show that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from timely filing his petition. He therefore is not entitled to equitable tolling.

**C. Actual Innocence**

The Supreme Court has held that even when a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a claim of actual innocence, if proved, can overcome the AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A tenable actual innocence claim "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). It must show that it is more likely than not that no reasonable factfinder would have convicted the petitioner in light of the new evidence and the evidence presented at trial. *See id.*

Silvers does not allege that he is actually innocent of his offense of conviction, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period under the actual innocence exception. His amended § 2254 petition is therefore untimely, and the Court should dismiss it as barred by the statute of limitations.[6]

### III.  RECOMMENDATION

The Court should **DISMISS** the amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on July 5, 2023 (Dkt. No. 6), with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** on August 4, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[6] Because Silvers's § 2254 petition is barred by the statute of limitations, the Court need not address the State's remaining arguments on the merits of Silvers's grounds for relief.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).